United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKER WEST INTERNATIONAL, LLC,<br><br>          Plaintiff,<br><br>      v.<br><br>CLEAN UP AMERICA, INC., *et al.*,<br><br>          Defendants.<br>_____/ | No. C-08-2810 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>**(Docket No. 51)** |

      At a status conference held on May 20, 2009, the Court granted Plaintiff's request for entry of default and gave Defendants (both corporations) until June 22, 2009, to locate new counsel, have new counsel file an appearance, move to set aside the entry of default, and oppose Plaintiff's motion for default judgment. *See* Docket No. 55 (amended civil minutes). The Court warned Defendants that, if they failed to do the above, then it would move forward with Plaintiff's motion for default judgment.

      It is now past June 22, 2009, and no action has been taken by Defendants. Accordingly, Plaintiff has now asked the Court to proceed with its motion for default judgment. Having reviewed Plaintiff's brief and accompanying submissions, the Court hereby orders Plaintiff to provide supplemental briefing and/or evidence in support of its motion. Plaintiff should also be prepared to discuss these issues at the hearing set for **August 26, 2009, at 10:30 a.m.**

///

///

///

# I. DISCUSSION

## A. Claims for Which Default Judgment Sought

It appears that Plaintiff seeks a default judgment on each and every claim asserted in the complaint. *See* Mot. at 3. The Court seeks additional information for some of the causes of action as detailed below. *Cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (stating that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" and that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (drawing distinction between possibility and plausibility of entitlement to relief).

### 1. Patent Infringement

Recently, Plaintiff filed a supplemental declaration in support of its motion for default judgment, attached to which is a claim chart supporting Plaintiff's theory of patent infringement. *See* Docket No. 56 (Supp. Beam Decl.). The Court hereby orders Plaintiff to provide a brief summary as to the contents of that claim chart – *i.e.*, Plaintiff should provide a brief explanation as to why each of the accused products (*i.e.*, the Swabby 48 and the Swabby Mother Ship) infringes the relevant claims of the patent at issue.

In addition, because Plaintiff is seeking treble damages pursuant to 35 U.S.C. § 284, the Court orders Plaintiff to provide specific evidence of willful infringement. *See In re Seagate Technology*, LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007) ("Absent a statutory guide, we have held that an award of enhanced damages requires a showing of willful infringement.").

Finally, because Plaintiff is asking for attorney's fees based on the infringement, the Court orders Plaintiff to provide evidence establishing that (1) this is an "exceptional case[]," 28 U.S.C. § 285, and that (2) a reasonable fee in the instant case is $71,328.68 (*e.g.*, based on hourly rates and number of hours billed). Billing records may be redacted for privilege, with the unredacted copies to be submitted to the Court for *in camera* review.

///

///

2. <u>Fraud</u>

In its complaint, Plaintiff alleges that Defendants committed fraud by (1) "intentionally misrepresent[ing] its intent to pay compensation to plaintiff" (presumably, under the LCM Agreement) and (2) "intentionally misrespresent[ing] its intent to participate in or facilitate the sale of the PWI Flocculent." Compl. ¶¶ 33-34. To the extent Plaintiff seeks a default judgment on this claim, the Court orders Plaintiff to provide specific, competent evidence to support the claim. *See* Fed. R. Civ. P. 55(b)(2) (providing that a court may conduct a hearing when, to enter or effectuate judgment, it needs to establish the truth of any allegation by evidence).

3. <u>Breach of Covenant of Good Faith and Fair Dealing</u>

Based on the allegations in the complaint, it appears that the claim for breach of the covenant of good faith and fair dealing is largely duplicative of the direct claim for breach of contract (*i.e.*, the LCM Agreement). To the extent Plaintiff seeks a default judgment on the former claim, it shall explain the basis of the claim; if the claim is not entirely duplicative, then Plaintiff must provide specific, competent evidence to support the claim.

4. <u>Intentional and/or Negligent Interference with Prospective Business Advantage</u>

To the extent Plaintiff seeks a default judgment on the claims for intentional and/or negligent interference with prospective business advantage, the Court orders Plaintiff to identify with specificity the alleged interference and provide specific, competent evidence of such interference.

5. <u>Violation of California Business & Professions Code § 17200</u>

In its complaint, Plaintiff alleges a violation of California Business & Professions Code § 17200 based on unfair conduct by Defendants. To the extent Plaintiff seeks a default judgment on this claim, the Court orders Plaintiff to explain the basis for the claim and, if not duplicative of other claims, provide specific, competent evidence in support. Plaintiff should also explain why the conduct at issue is not preempted by federal patent law.

///
///
///
///

B.   Damages

   1.   Damages Related to Sales of Cleaning Units

      a.   Breach-of-Contract

According to Plaintiff, during the term of the parties' LCM Agreement – *i.e.*, from August 2003 to August 2006[1] – Defendants sold 11 cleaning units that incorporated Plaintiff's technology and therefore should have paid Plaintiff royalties as required under the Agreement. *See* Parker Decl. ¶ 15. Plaintiff should provide competent evidence establishing that there were 11 sales and that these sales totaled approximately $880,000 as claimed.

      b.   Patent Infringement

According to Plaintiff, after the LCM Agreement expired in August 2006, Defendants made additional sales which, because the LCM Agreement had expired, constituted infringement of Plaintiff's '012 patent. Plaintiff does not appear to have any concrete information about the number of sales that were made and instead makes an estimate based on the number of sales that were made during the period that the LCM Agreement was in place. *See* Parker Decl. ¶ 15. Plaintiff should explain why it is reasonable to assume that, since the date the LCM Agreement terminated, Defendants have made 22 sales. *See* Parker Decl. ¶ 15. According to Plaintiff, 11 sales were made during the three-year period that the LCM Agreement was in place (*i.e.*, from August 2003 to August 2006); this rate of sales suggests that there were 11 additional sales, not 22, from August 2006 to the present.

In addition, Plaintiff should explain why it must be assumed that Defendants obtained a price of $125,000 for each cleaning unit that was sold. *See* Parker Decl. ¶ 15. According to Plaintiff, the 11 sales that Defendants made during the term of the LCM Agreement earned them approximately $880,000 – *i.e.*, $80,000 per cleaning unit.

---

[1] In her declaration, Cathleen E. Parker refers to a "2 year LCM term." Parker Decl. ¶ 15. However, the LCM Agreement states that it shall be effective for three years. *See* LCM Agreement § 5. While Plaintiff had the right under the Agreement to terminate at the end of the second year under certain circumstances, *see* LCM Agreement § 5, there is no evidence to establish that Plaintiff did terminate at the end of the second year. In any event, Ms. Parker admits that the Agreement terminated in August 2006, not in August 2005. *See* Parker Decl. ¶ 13 ("The LCM expired on or about August 18, 2006.").

1    Finally, Plaintiff should explain and provide specific, competent evidence to justify its
2 asserted margin of profit of $12,500 per unit. *See* Parker Decl. ¶ 15. Plaintiff should also provide an
3 analysis of profit assuming a unit sale price of $80,000.

4    2.    Damages Related to Service Charges

5    Plaintiff claims that it is entitled not only to damages based on Defendants' sales of cleaning
6 units but also to damages based on "monies earned by [Defendants] for service charges from the
7 purchasers of the cleaning units."[2] Parker Decl. ¶ 17 (emphasis omitted); *see also* LCM Agreement
8 § 1(a) ("For CUA equipment which incorporates PW's patented technology, PW will receive a 5%
9 royalty on equipment sales and/or *fees generated by CUA* . . . .") (emphasis added).

10    Plaintiff's claim that it is entitled to these damages is problematic for various reasons. For
11 example, Plaintiff has not explained how it knows that the purchasers of the cleaning units agreed to
12 pay Defendants a portion of the revenues (11%) they earned from use of the purchased units.
13 *See* Parker Decl. ¶ 17. Also, in the absence of any historical data about the use of the cleaning units
14 by the purchasers, Plaintiff's speculation about the use of the units is problematic – *e.g.*, that the
15 units are actually used to clean 10,000 square feet per hour, that the units are used eight hours per
16 day, that the units are used 250 days out of the year, and that each of the units was used for the
17 entirety of the three-year LCM Agreement period or for the entirety of the period after the
18 termination of the Agreement. Absent historical data upon which projections may reasonably be
19 based, the Court is inclined to find this element of damages speculative.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[2] As reflected in its supplemental papers, Plaintiff appears willing to withdraw the request for these damages if an injunction and damages related to sales are awarded. *See* Docket No. 56 (Supp. Beam Decl.). Plaintiff should provide briefing on these damages only to the extent that it wishes to be awarded these damages as part of the final judgment.

5

3. Damages Related to Sales of Clay Flocculent

Finally, Plaintiff claims that it is entitled to damages related to Defendant's sales of Plaintiff's clay-based flocculent.[3] Similar to above, in the absence of any historical data about use of the cleaning units, Plaintiff's speculation is problematic – *e.g.*, that the units used 75 lbs. of flocculent per day. Plaintiff's speculation is also problematic based on the representation in the claim chart that Defendants seemed to be using a polymer flocculent instead of Plaintiff's clay-based flocculent. *See* Docket No. 56 (Beam Supp. Decl.).

## II. CONCLUSION

Plaintiff shall file, and serve on Defendants, the supplemental papers within two weeks of the date of this order. In addition, Plaintiff shall serve a copy of this order on Defendants within one week of the date of this order. As noted above, a hearing on the motion for default judgment shall be held on **August 26, 2009, at 10:30 a.m.**

IT IS SO ORDERED.

Dated: July 6, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[3] Similar to above, Plaintiff appears willing to withdraw the request for these damages if an injunction and damages related to sales are awarded. Plaintiff should provide briefing on these damages only to the extent that it wishes to be awarded these damages as part of the final judgment.